UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg (Charlottesville) Division

In re:

Frank A. Passarelli

Debtor(s)

Case No. 17-61972-RBC
Chapter 13

### DEBTOR'S REPLY TO NANCY L. WHEELER'S RESPONSE TO DEBTOR'S OBJECTION TO CLAIM NO. 13

The Debtor, Frank A. Passarelli, by counsel, hereby responds to Nancy L. Wheeler's ("Wheeler") Response ("Response") to Debtor's Objection to Claim No. 13 (the "Claim") and states as follows:

1. The Debtor does not contest the validity of **Exhibits A - E** attached to the Response.

2. The Debtor contests the accuracy of **Exhibit F** attached to the Response. Without clearer detail, as to application of payments received, the Debtor is uncertain as to what money is owed towards what the Debtor concedes as domestic support obligations and what the Debtor contends is owed towards equitable distribution obligations.

3. The Debtor concedes owing spousal support, in the amount of $2,500 monthly, as well as the existence of pre-petition support arrears (scheduled in Schedule E/F as Claim 2.2, in the amount of $18,000, and scheduled for payment in Section 2.B of the presently filed but unconfirmed Chapter 13 Plan). The Debtor contests owing $32,700 in priority support obligations pursuant to 11 U.S.C. § 507(a)(7). Said claim assumes that (a) a disputed Promissory Note (called an Installment Agreement by Wheeler) is a support obligation and

(b) post-petition attorney's fees are also a support obligation. Both assumptions are challenged below.

4. The Debtor contests classification of the Promissory Note as a domestic support obligation. The Promissory Note, attached hereto as **Exhibit 1**, is an unsecured promise to pay Wheeler a sum of money to compensate her for the loss of four (4) barns and four (4) run in sheds located on the marital property and is not compensation for loss of business income.

5. The Debtor contends that the Promissory Note, scheduled in Schedule E/F as Claim 4.5, is property distribution as a part of equitable settlement. Said debt should remain classified as a non-priority unsecured debt, subject to discharge pursuant to 11 U.S.C. §§ 1328(a)(2).

6. The Debtor concedes owing Wheeler any unpaid pre-petition attorney's fees, required by court order. The Debtor concurs that the $600 in pre-petition attorney's fees are non-priority unsecured debt.

7. The Debtor does not concede that the $1,500.00 in post-petition attorney's fees, for the filing of the Claim, is priority unsecured debt and contends that said attorney's fees should not be treated as a priority unsecured claim or an administrative expense without further order of the Court. The Debtor does concede that Section 32 of the Property Settlement Agreement ("PSA"), attached to the Response as **Exhibit A**, does provide that "the creditor spouse shall be entitled to attorney fees and costs incurred in protecting his or her rights under [the PSA]" but contends that said amount should be established, through proof, by the Court.

8. The Debtor concedes that any domestic support obligation owed to Wheeler should be given first priority, pursuant to 11 U.S.C. § 507(a)(1)(A).

9. The Debtor concedes the definition of "domestic support obligation", drawn from 11 U.S.C. § 101(14A), as outlined by Wheeler, except to the extent such definition is further defined by common law.

10. The Debtor concedes Wheeler's factors for a '"critical" determination in classifying indebtedness as support', drawn from *In re Ludwig*, 502 B.R. 466 (Bankr. W.D. Va. 2013) and concedes that "[a] written agreement between the parties is persuasive evidence of intent" and that characterization of the debt in a PSA should control.

11. Federal bankruptcy law, not state law, determines whether a debt is in the nature of support. *In re Johnson*, 397 B.R. 289, 296 (Bankr. M.D.N.C. 2008).

12. The Court must determine whether the payment of a debt is in the nature of alimony, maintenance, or support using a specific fact analysis. *In re Austin*, 271 B.R. 997, 106 (Bankr. E.D. Va. 2001).

13. The party seeking priority has the burden of persuading the Court that the obligation meets the requirement of a domestic support obligation. *In re Ludwig*, 502 B.R. at 468.

14. If the intent of the parties was that the obligation was merely a division of property, then the obligation is not a domestic support obligation. *Ludwig*, 502 B.R. at 469.

15. The Court should look to the parties' intent at the time the parties entered into the settlement agreement. *Ludwig* at 468.

16. The language of the PSA clearly shows that the "Installment Agreement" or "Promissory Note" is a part of equitable distribution and not in the nature of support. Sections 13 through 26 of the PSA deal with marital and non-marital property and equitable distribution of the same, with Section 14 of the PSA providing considerations of how said property should be distributed. Section 22 of the PSA deals with Wheeler's "Business" and provides, in pertinent part, "[i]n return for certain property belong to the business which Husband shall receive in connection with [the PSA], Husband agrees to pay to Wife the sum of $32,000 as set forth in the Promissory Note…." Nowhere in Sections 13 through 26 does the PSA state that equitable distribution of property shall be considered in the nature of support.

17. Section 27 of the PSA defines "Spousal Support" and sets the amount of support to be paid, by the Debtor to Wheeler, in paragraph 28(c). Nowhere in Section 27 of the PSA is the "Promissory Note" defined as spousal support.

WHEREFORE, the Debtor respectfully request for the foregoing reasons, as well as for the reasons stated in the Debtor's Objection to Proof of Claim, that the Proof of Claim (No. 13) be amended to treat the debt owed to the Claimant for the "Promissory Note" or "Installment Agreement" as a non-priority unsecured claim, and to bifurcate the claim in accordance with what is in the nature of support and what is equitable settlement for the division of property, and that the Court provide such other and further relief as the Court deems just and proper.

Date: May 22, 2018

    Respectfully submitted,

    FRANK A. PASSARELLI
    By Counsel

    /s/ John P. Goetz
    John P. Goetz, VSB #78514
    John Goetz Law, PLC
    86 W. Shirley Avenue
    Warrenton, VA 20186
    (540)359-36605 (tel.)
    (540)359-6610 (fax)
    docs@johngoetzlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have, this 22nd day of May 2018, served a copy of the foregoing Reply to Response, via the CM/ECF system, to Rebecca Hryvniak, Esq., counsel for the Creditor, and to Herbert L. Beskin, Chapter 13 Trustee.

    /s/ John P. Goetz
    John P. Goetz

# EXHIBIT 1

## PROMISSORY NOTE

$32,000.00

Culpeper, Virginia
October 26, 2014

**FOR VALUE RECEIVED**, namely the continued possession and ownership of four (4) barns and four (4) run in sheds located on the marital property, FRANK PASSARELLI, 15763 Auburn Road, Culpeper, Virginia 22701 (hereinafter referred to as "Maker") promises to pay to NANCY WHEELER (hereinafter referred to as "Noteholder"), in lawful money of the United States of America, the principal amount Thirty-two thousand dollars and 00/100 Dollars ($32,000.00).

**PAYMENT.** Payment will be made over a period of two (2) years, without interest. Payments shall be made on a quarterly base, with each quarterly payment of $4,000.00. Payments will be made on January 1, April 1, July 1, and October 1, for 2015 and 2016.

**PREPAYMENT. Maker** may pay without penalty all or a portion of the amount owed earlier than the date it is due.

**DEFAULT. Maker** will be in default if any of the following happens: (a) Maker fails to make full payment when due; (b) Maker breaks any promise Maker has made to Noteholder, or Maker fails to comply with or to perform when due any other term, obligation, covenant, or condition contained in this Note or any agreement related to this Note, or in any other agreement or loan Maker has with Noteholder; (c) Maker defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Maker's joint or individual property or Maker's ability to repay this Note or perform Maker's obligations under this Note or any security agreement between the parties, or any related financing statement; (d) any representation or statement made or furnished to Noteholder by Maker or on Maker's behalf is false or misleading in any material respect either now or at the time made or furnished; (e) Maker becomes insolvent, a receiver is appointed for any part of either Maker's property, Maker makes an assignment for the benefit of creditors, or any proceeding are commenced either by Maker or against Maker, under any bankruptcy or insolvency laws; (f) any creditor tries to take any of Maker's property on or in which Noteholder has a lien or security interest; (g) a material adverse change occurs in Maker's financial condition, or Noteholder believes the prospect of payment or performance of the Indebtedness is impaired; or (h) Noteholder in good faith deems herself insecure.

If any default, other than a default in payment, is curable and if Maker has not been given a notice of a breach of the same provision of this Note within the preceding twelve (12) months, it may be cured (and no event of default will have occurred) if Maker, after receiving written notice from Noteholder demanding cure of such default: (a) cures the default within fifteen (15) days; or (b) if the cure requires more than fifteen (15) days, immediately initiates steps which Noteholder deems, in Noteholder's sole discretion, to be sufficient to cure

the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**NOTEHOLDER'S RIGHTS.** Upon default, Noteholder may declare the entire unpaid principal balance on this Note, together with all other applicable fees, costs and charges, if any, immediately due and payable, without notice, and then Maker will pay that amount. Furthermore, subject to any limits under applicable law, upon default, Maker also agrees to pay Noteholder's attorneys' fees, and all of Noteholder's other collection expenses, whether or not there is a lawsuit and including without limitation legal expenses for bankruptcy proceedings. This Note shall be governed by, construed and enforced in accordance with the laws of the Commonwealth of Virginia. NOTEHOLDER AND MAKER EACH HEREBY WAIVE TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO WHICH NOTEHOLDER OR MAKER MAY BE PARTIES, ARISING OUT OF, OR IN ANY WAY PERTAINING TO, THIS NOTE. IT IS AGREED THAT THIS WAIVER CONSTITUTES A WAIVER OF TRIAL BY JURY OF ALL CLAIMS AGAINST ALL PARTIES TO SUCH ACTIONS OR PROCEEDINGS. THIS WAIVER IS KNOWINGLY, WILLINGLY AND VOLUNTARILY MADE BY NOTEHOLDER AND MAKER, AND NOTEHOLDER AND MAKER EACH HEREBY REPRESENT THAT NO REPRESENTATIONS OF FACT OR OPINION HAVE BEEN MADE BY ANY INDIVIDUAL TO INDUCE THIS WAIVER OF TRIAL BY JURY OR TO IN ANY WAY MODIFY OR NULLIFY ITS EFFECT.

**CONSENT TO JURISDICTION.** Maker irrevocably submits to the jurisdiction of any state or federal court sitting in the Commonwealth of Virginia over any suit, action, or proceeding arising out of or relating to this Note. Maker irrevocably waive, to the fullest extent permitted by law, any objection that Maker may now or hereafter have to the laying of venue of any such suit, action, or proceeding brought in any such court and any claim that any such suit, action, or proceeding brought in any such court has been brought in an inconvenient forum. Final judgment in any such suit, action, or proceeding brought in any such court shall be conclusive and binding upon Maker, and may be enforced jointly and severally, in any court in which Maker is subject to jurisdiction by a suit upon such judgment provided that service of process is effected upon Maker as provided in this Note or as otherwise permitted by applicable law.

**GENERAL PROVISIONS.** Noteholder may delay or forgo enforcing any of her rights or remedies under this Note without losing them. Maker, to the extent allowed by law, waives presentment, demand for payment, protest and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, Maker shall not be released from liability under this Note. Maker agrees that Noteholder may renew or extend (repeatedly and for any length of time) this Note, or release any collateral; or impair, fail to realize upon or perfect Noteholder's security interest in the collateral; and take any other action deemed necessary by Noteholder without the consent of or notice to anyone.

MAKER:

_____ (SEAL)   __11/12/14_____
FRANK PASSARELLI                    DATE


COMMONWEALTH OF VIRGINIA  )
                          ) to wit:
COUNTY OF __Culpeper__    )

SUBSCRIBED AND SWORN to before me, a notary public in and for the above-mentioned jurisdiction, by __Frank Passarelli__ on this __12th__ day of ~~OCTOBER~~, 2014
November,

DEBORAH F MILLER
NOTARY PUBLIC 156256
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES 12/31/2018

_____
Notary Public  #156256

-3-